# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 1:09CR00013 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| VANESSA DAWN WILLIS, ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for United States; Barry L. Proctor, Abingdon, Virginia, for Defendant.*

It appearing that there was a clerical error in the judgment of sentence in this case, correctable under Federal Rule of Criminal Procedure 36, an amended judgment will be entered.

The facts are as follows, based upon the record.

The defendant, Vanessa Dawn Willis, was charged in two separate cases in this court. In the first case, Case No. 1:07CR00039, a five-count Indictment was returned on June 5, 2007, charging Willis with two counts of aggravated identity theft, two counts of mail fraud, and access device fraud. Willis pleaded guilty to the Indictment without a plea agreement on October 4, 2007. She was represented by the Federal Public Defender. I sentenced Willis on July 7, 2008, to a total term of imprisonment of 48 months.

After Willis had begun serving her sentence, the grand jury returned a second Indictment on March 3, 2009, docketed as Case No. 1:09CR00013. This time she was charged with aggravated identity theft, use of a false Social Security number, wire fraud, and mail fraud. A Superseding Indictment issued on June 2, 2009, adding a count of structuring financial transactions. In this second case, Willis retained a different attorney to represent her.

Ultimately, Willis pleaded guilty on August 7, 2009, pursuant to a written Plea Agreement, to all six counts of the Superseding Indictment in Case No. 1:09CR00013. The Plea Agreement provided that the parties would recommend to the court that she be sentenced to 24 months on Count 2, to be served consecutively to any other sentence imposed; and at the low end of the guideline range (which was 15 months) on Counts 1, 3, 4, 5, and 6, to be served concurrently with each other and with the sentence imposed in Case No. 1:07CR00039, except that one month of the sentence imposed on Count 5 would be served consecutively to "any other sentence, pursuant to 18 U.S.C. § 3147." (Plea Agreement ¶ 3.)

At the change-of-plea hearing before the magistrate judge, the Plea Agreement was explained by the assistant United States attorney as follows:

> In any event, the parties agree to jointly recommend to the Court that she be sentenced to imprisonment as follows:
>
> As to count two, the mandatory sentence of 24 months to be served consecutively to any other sentence imposed. And to counts

-2-

Case 1:09-cr-00013-JPJ-PMS   Document 50   Filed 12/19/12   Page 2 of 6   Pageid#: 179

one, three, four, five and six, a sentence at the low end of the applicable guideline range as determined by the Court, to be served concurrently with each other and with the sentence imposed in her case number 1:07cr39; except that one month of the sentence imposed in count five shall be served consecutively to any other sentence, pursuant to 18 U.S.C. Section 3147.

So, in a nutshell, the parties have agreed to recommend that Ms. Willis receive an additional 25 months to be actively served as a sentence on top of what she's currently serving.

(Tr. 14-15.)

At her sentencing, the following colloquy took place between the prosecutor and the court:

MR. RAMSEYER: Your Honor, we would ask the court to impose the sentence that the Government agreed to recommend in the plea agreement. That would be a sentence of 24 months on count two, to be served consecutively with any other sentence imposed, and as to counts one, three, four, five and six, a sentence at the low end of the applicable guideline range, we would ask that the sentence on those counts be served concurrently with each other and with the sentence imposed in her previous case, case number 1:07CR39, except that one month of the sentence imposed in count five should be served consecutively to any other sentence, and that would be pursuant to 18. U.S.C. Section 31.7 [sic] because that sentence was, I mean that crime was committed while Ms. Willis was on pretrial release and by law that sentence needs to be served consecutively. Thank you.

THE COURT: Let me ask you, just to make sure that I understand the Government's agreement. In regard to the prior sentence which Ms. Willis is currently serving, it's the Government's recommendation that all but 14 months would be concurrent with the prior sentence?

-3-

>MR. RAMSEYER: The guideline range for the current crimes is 15 to 21, and the Government would agree that 14 months of that would be served with the prior sentence.
>
>THE COURT: And the rest would be served consecutive to that sentence, following that sentence?
>
>MR. RAMSEYER: Twenty-five months would be consecutive, yes, Your Honor.

(Tr. 8-9.)

In imposing the sentence, I stated as follows:

>It is the judgment of the court that the defendant, Vanessa Dawn Willis is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a total term of 40 months. This term consists of 15 months on each of counts one, three, four, five and six to be served concurrently, except one month of count five shall be served consecutive to any other sentence imposed, and a term of 24 months on count two to be served consecutively to any other sentence imposed. Fourteen months of this sentence shall run concurrently with the undischarged portion of the defendant's term of imprisonment pursuant to the judgment of this court in case number 1:07 CR39, and for the remaining 25 months of this sentence shall run consecutive to that sentence.

(Tr. 12-13.)

In the written Judgment entered, the sentence was recited as follows:

>The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: Forty (40) months. This term consists of 15 months on each of Counts 1s, 3s, 4s, 5s, and 6s, all to be served concurrently, except that one month

of Count 5s shall be served consecutive to any other sentence imposed, and a term of 24 months as to Count 2s to be served consecutively to any other sentence imposed.

(Judgment 3.)

The defendant's attorney advises me that the defendant's prison sentence was initially calculated by the Bureau of Prisons to terminate in 2013, but was later changed after a review to add an additional 15 months.

The written Judgment was in error. The Judgment failed to state that the 15 months imposed for Counts 1, 3, 4, 5, and 6 would also run concurrently with the sentence imposed in Case No. 1:07CR00039 (other than one month of Count 5), as directed in the oral pronouncement and in accord with the recommendation of the parties.[1]  It is therefore understandable why the Bureau of Prisons calculated the defendant's sentence as being 15 months longer than the court and the parties intended.

Rule 36 permits the correction of clerical errors at any time, which this clearly is.  *See United States v. Powell,* 266 F. App'x 263, 266 (4th Cir. 2008)

---

[1] There was also another mathematical error on my part, which had no effect on the unintended length of defendant's sentence.  The total sentence is not 40 months, but 39 months, since the one month of Count 5 is part of the 15 months imposed for that count.  In other words, the total sentence is 15 months plus 24 months equals 39 months.  Of the 39 months, 14 months would be concurrent with the prior sentence and 25 months consecutive.

(unpublished) (directing correction of clerical error under Rule 36 four years following sentencing).

The proper statement of the sentence is as follows:

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: Thirty-Nine (39) months. This term consists of 15 months on each of Counts 1s, 3s, 4s, 5s, and 6s, all to be served concurrently with each other and with the sentence previously imposed by this court in Case No. 1:07CR00039, except that one month of Count 5s shall be served consecutive to any other sentence imposed, and a term of 24 months as to Count 2s to be served consecutively to any other sentence imposed, resulting in a total new sentence to be served of 25 months.

The government has advised the court that it has no objection to a correction of the sentence. Accordingly, the clerk is directed to prepare an amended judgment, reciting the sentence as set forth above.

It is so **ORDERED**.

ENTER: December 19, 2012

/s/ James P. Jones
United States District Judge